GEORGE BENZ & SONS v. MATH B. BARTO AND OTHERS.[1]

December 10, 1920.

No. 21,980.

**Deed held to be a mortgage.**

1. In an action to set aside a conveyance of real property as fraudulent and void as to creditors, the evidence is *held* to sustain a finding that the conveyance, absolute in form, though not fraudulent, was intended as security for money loaned by the grantee to the grantor and therefore a mortgage.

**Purpose of the conveyance in issue.**

2. The question of the purpose of the conveyance in that respect was necessarily involved under the issues made by the pleadings. Leqve v. Stoppel, 64 Minn. 74, followed.

Action in the district court for Marshall county to set aside as fraudulent a conveyance of certain real property. The separate answers of defendant Barto and wife denied that the conveyance was made with

[1]Reported in 180 N. W. 111.

intent to defraud creditors; the separate answer of Katie Barto alleged she purchased the land in good faith for a valuable consideration and that she was the owner in fee of the property. The case was tried before Grindeland, J., who made findings that defendants were entitled to a judgment that the action be dismissed. The motion of plaintiff to amend the findings in the manner stated in the first paragraph of the opinion, was granted. From the judgment entered pursuant to the amended order for judgment, defendants appealed. Affirmed.

*A. N. Eckstrom,* for appellants.

*F. A. Grady,* for respondent.

BROWN, C. J.

This action was brought by plaintiff, a judgment creditor of defendant Math B. Barto, to set aside a conveyance of certain real property by the judgment debtor to defendant Katie Barto, his mother, as fraudulent and void as to creditors. The principal issue on the trial was the alleged fraudulent purpose of the conveyance. The court found as a fact that the transfer of the land was not fraudulent and ordered judgment for defendants. Thereafter, on motion of plaintiff, the court made further or amended findings, to the effect that, although the transfer of the property, absolute in form, was not intended to defraud creditors, the sole purpose thereof was to secure the payment of an indebtedness in the sum of $3,700, which the grantor owed the grantee for money theretofore loaned to him. The conveyance was therefore declared a mortgage, and the right and interest of the vendee in the property held to be that of a mortgagee. A part of the property constituted the homestead of the debtor, and was not subject to the payment of the judgment, but as amended conclusions of law the court held, and ordered judgment accordingly, that the portion of the property not forming part of the homestead might be levied upon and sold in satisfaction of plaintiff's judgment, subject to the rights of the mortgagee. Judgment was entered accordingly and defendants appealed.

Defendants contend in support of the appeal: (1) That the question whether the conveyance of the property was made as security, was not an issue under the pleadings, nor litigated by consent, therefore that

the court erred in amending its findings; (2) that the evidence does not sustain the amended findings to the effect that the conveyance was intended as security only; and (3) that the order for judgment in effect makes plaintiff's judgment lien as to the property not forming part of the homestead superior to the mortgage, thereby compelling a resort to the homestead alone in satisfaction of the mortgage debt.

Neither contention can be sustained. The question whether the conveyance of the property, absolute in form, was in fact intended as security for the payment of a debt due the grantee, was necessarily involved in the issues made by the pleadings, and there was no error in amending the findings to cover that feature of the case. The question was ruled on adversely to defendant's contention in Leqve v. Stoppel, 64 Minn. 74, 66 N. W. 208. Our examination of the record discloses ample evidence in support of the amended findings. The purpose of the conveyance seems to have been fully gone into on the trial, and the fact that it was intended as security for money loaned the grantor was clearly brought out. The evidence therefore supports the findings. The contention that the judgment awards to plaintiff rights in the lands in question, other than the homestead, superior to the grantee in the conveyance, is not sustained by the order for judgment, nor by the judgment entered thereon. Both the order and the judgment provide that plaintiff may levy upon and sell the land not forming part of the homestead, subject to the rights of defendant Katie B. Barto, the grantee in the conveyance. Her rights are thus fully protected. Whether the judgment creditor may, in such a case, compel the mortgage creditor to look exclusively to the exempt property for the payment of his mortgage, leaving that which is not exempt to the creditor, is not involved and therefore not considered. The adjudications on the subject will be found cited in 2 Dunnell, Minn. Dig. § 6466.

This covers the case and all points requiring special mention. Plaintiff was entitled to costs and disbursements, as the final prevailing party.

Judgment affirmed.