## JAMES A. DURGIN v. JAMES W. STEVENSON AND OTHERS.[1]

November 16, 1934.

No. 29,997.

*Frundt & Morse* and *McCune & McCune,* for appellants.

*Frank E. Dougherty, John W. Flynn,* and *E. H. Nicholas,* for respondent.

[1]Reported in 257 N. W. 338.

*STONE, Justice.*

Plaintiff, as a judgment creditor of defendant James W. Stevenson, sues him and his wife, defendant Agnes J. Stevenson, for a decree that the deed and bill of sale herein considered be adjudged fraudulent as to plaintiff and annulled. The decision below was for plaintiff, not as prayed for, but to the effect that the deed of the land and transfer of personal property from husband to wife were not absolute but only mortgages to secure a debt of husband to wife. (Compare George Benz & Sons v. Barto, 147 Minn. 322, 180 N. W. 111.) The defendants Stevenson moved for findings in their favor or a new trial. That motion was denied, judgment entered for plaintiff, and defendants Stevenson appeal. Defendant Stearns was only a nominal defendant and is not party to the appeal.

For many years before October 7, 1932, defendant James W. Stevenson owned a 233-acre farm in Faribault county. It was well improved, and its adequate equipment of farm tools, machinery, and live stock were the property of Mr. Stevenson. The values are not established by the findings. But Mr. Stevenson's appraisal of the personal property at $2,389.50 is not questioned. The highest testimonial valuation of the farm is $125 per acre, or about $29,000. Eighty acres of the land carrying the buildings were and remain the Stevenson homestead, and so exempt from the judgment. The witness for plaintiff, Mr. McGuiggan, who valued the whole farm as above indicated, appraised the unexempt land at $75 per acre, or about $11,500, leaving for allocation to the homestead about $17,500 of his valuation.

October 7, 1932, through defendant Stearns as intermediary, the farm was conveyed by Mr. Stevenson to his wife, Agnes. All his personal property was simultaneously transferred to her by bill of sale. Mr. Stevenson was heavily indebted and could not refinance the farm and its operation without borrowing on the security of the land, none of which was then encumbered by mortgage or judgment. (Plaintiff's judgment for $4,045.50 was not procured against Mr. Stevenson until November 21, 1932.) As a part of the transaction, and in consideration, so the uncontradicted evidence is, for the transfers to her, Mrs. Stevenson joined in placing a mortgage

for $7,500 on the entire farm. She signed both note and mortgage. The proceeds of that loan were not enough to meet Mr. Stevenson's requirements. An additional $1,000 was borrowed from a bank on a note in which Mrs. Stevenson joined as maker. By borrowing on an old line insurance policy on Mr. Stevenson's life, $1,800 more was procured. That policy did not reserve to the insured the right to change the beneficiary. Mrs. Stevenson consented to the loan and joined in the note upon which it was made. In addition to all his other debts, Mr. Stevenson was indebted to his wife on his note to her in a sum, with interest, of upwards of $8,000. Plaintiff's claim was not paid out of the proceeds of the refinancing. Whether it had been a contested claim the record does not disclose. Mrs. Stevenson testified, without contradiction, that she knew nothing about it until the present action was commenced.

The findings expressly confirm the $8,000 debt from husband to wife. They decide also that the deed and bill of sale from husband to wife were not intended to hinder, delay, or defraud creditors. Hence the transaction, consummated with the aid of competent counsel, must now be considered an honest attempt to establish a new set-up of the Stevenson family finances in respect to the ownership and operation of the farm. The evidence is that from then on the farm was operated, both in respect to real estate and personal property, as Mrs. Stevenson's, her husband acting as her manager or agent. Before, it had been owned and managed by Mr. Stevenson in his own right. After the transfer, a bank account was set up and continued in the name of Mrs. Stevenson.

As part of the transaction of October 7, 1932, Mrs. Stevenson marked as paid and surrendered to her husband the note evidencing her $8,000 claim against him. In addition, she subjected the farm, including the homestead, to the lien of the $7,500 mortgage. By signing the bank note for $1,000 and the insurance loan note for $1,800, she furnished additional liquidated consideration to support the transfers to her of land and personal property. On cross-examination she was led into saying that she took the transfers because she wanted "security" and "to cover what I thought would be my rights." But she testified also that she intended to take "outright"

title to all the property. The decision below was not put at all upon Mrs. Stevenson's testimony concerning "security" as the purpose of the transaction. Candidly, it was explicitly based "upon broader grounds * * * all the testimony and all the facts and circumstances" of the transaction.

With the utmost deference to that view, we are unable to find in the record adequate basis for a judgment that the transfers in question were not absolute but only security for the original $8,000 debt of husband to wife. The findings are so limited, explicitly. For whatever she got, she gave a consideration, measurable in figures, of $18,300. She not only surrendered her $8,000 note, but also bound herself for the three new obligations, the $7,500 mortgage, the $1,000 note, and the $1,800 insurance loan. If security only were intended, it was to cover, not only the old debt from husband to wife, but also the new and larger obligations assumed by the latter. Taking the record as a whole, we cannot agree that it sustains the finding that only a mortgage was intended. The deed was either fraudulent or absolute. Fraud is negatived by the findings. Hence the only conclusion we can justify by the evidence is that a new deal was consummated between the Stevensons, resulting in an absolute transfer of ownership of the involved property.

Since the enlargement of the rights of married women resulting from the married women's acts (2 Mason Minn. St. 1927, §§ 8616-8623), there is no reason why a farm cannot be owned and operated by the wife, her husband functioning only as her agent. Such an arrangement is just as lawful, although not so usual, as that where the husband is owner and operator of the farm. That being the case, there is no reason why one spouse cannot transfer to another, if the rights of creditors are not prejudiced, the entire farm property both real and personal. (Of course the real estate must be transferred through the medium of a third person.) 3 Dunnell, Minn. Dig. (2 ed. & Supp.) § 4258. Hossfeldt v. Dill, 28 Minn. 469, 10 N. W. 781. Another consideration is that to justify a decree that a deed is a mortgage there must be something more than a mere preponderance of the evidence to support that view. The proof must be clear, strong, and convincing. Townsend v. Anderson, 163 Minn.

518, 204 N. W. 330.   4 Dunnell, Minn. Dig. (2 ed. & Supp.) § 6157. There can be no mortgage unless there is a debt to be secured.   In this case there is no evidence of any remaining debt from husband to wife.   On plaintiff was the burden of proof.   He has not sustained it to the extent of showing any remaining debt from husband to wife.

It follows that the judgment must be reversed, but without prejudice to the right of plaintiff to move for a new trial of any or all of the issues.

So ordered.